103 F.3d 129
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Linda COLSON; Colson's Pyramid Lounge and Restaurant, Inc.,
Plaintiffs-Appellants,
v.
CITY OF SHAKER HEIGHTS; Patricia S. Mearns; Philip C.
Heintzelman, Stephen J. Alfred; Joyce G. Braverman; Donald
P. Kral; Robert Balogh; Edgar B. Jackson; Frank S. Novak;
Terrence L. Brennan; Ohio Department of Liquor Control;
Michael A. Akrouche; John R. Hall; Cuyahoga County Board
of Elections; Marguerite Hughes; Kenneth Fisher; Thaddeus
J. Jackson; Roger M. Synenberg; Jay Schonfeld; Carolyn
Garvin; James F. Calland; Lomond Association; Richard R.
Crews; Maxwell H. Davis; Marguerite Bibb; Anne R.
Phoenix; Jeffrey A. Stroup; Thomas J. Hildebrandt; Sussex
Community Association, Defendants-Appellees,
Darlene R. Leahy, et al., Defendants.
 No. 95-3538.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1996.
 
 Before: GUY, RYAN, and SUHRHEINRICH, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiffs brought civil rights claims alleging that racial discrimination permeated the actions of officials of the State of Ohio, the City of Shaker Heights, Ohio, the members of a local neighborhood association, and members of the Cuyahoga County Board of Elections, in a series of events preceding and culminating in a local option election prohibiting the sale of alcoholic beverages for on premises consumption in plaintiff Linda Colson's restaurant and lounge.
 
 
 2
 The district court, after receiving the report and recommendation of a magistrate judge, dismissed the plaintiffs' complaint against some of the defendants for failure to state an actionable claim, and entered judgment as a matter of law against the remaining defendants, finding that the record was devoid of evidence that the action of the remaining defendants' actions were racially motivated.
 
 
 3
 The plaintiffs appeal, claiming that the district court erred in all of its dispositive rulings. They make essentially the same arguments on appeal as were made before the district court.
 
 
 4
 After carefully examining the plaintiffs' 161-paragraph, 36-page complaint, the opinion of the district court, and the plaintiffs' brief on appeal, we find that it is no easier for us, than it was for the district court, to discern with any clarity precisely what theories of law the plaintiffs advance in support of their claims. It is clear that there are four groups of defendants named: the department defendants (the Ohio Department of Liquor Control and two of its directors); the association defendants (the Lomond Association, the Sussex Community Association, and several members of these associations); the Shaker Heights defendants (the City of Shaker Heights and a number of its officials); and the board defendants (the Cuyahoga County Board of Elections and four of its members).
 
 
 5
 As best we can discern, the plaintiffs seem to seek relief under 42 U.S.C. §§ 1982, 1983, 1985(3), and 1986, and a declaratory judgment that Ohio's local option election laws, Ohio Rev.Code Ann. §§ 4301.33, 4301.35, and 4301.39, violate Article I, Section 10 and the Fifth and Fourteenth Amendments, to the United States Constitution, and Article II, Sections 1, 2, 16, and 28 of the Ohio Constitution. The department defendants were named because they are statutorily required to amend affected liquor permits following a local option election. The defendant board was named apparently because it has a statutory duty to validate local option election petitions, certify the issue for the ballot, and certify the results of the election. Plaintiffs appear to claim that the department defendants and the board defendants deprived plaintiffs of their constitutional rights in violation of 42 U.S.C. § 1983 when they performed their statutory duties. Finally, the association defendants and the Shaker Heights defendants allegedly violated 42 U.S.C. §§ 1982, 1983, 1985(3), and 1986.
 
 
 6
 In the district court, all of the defendants moved for dismissal or for summary judgment, and the plaintiffs moved for partial summary judgment.
 
 
 7
 The district court denied the plaintiffs' motion for partial summary judgment and granted the department defendants' motion to dismiss. In dismissing the plaintiffs' due process and equal protection claims against the department defendants, the district court applied the standard of review appropriate to a motion to dismiss, accepting the factual allegations of the complaint as true. Because it found no violation of the plaintiffs' rights to due process or equal protection, the court granted the defendant board's motion for summary judgment as well. The district court agreed with the plaintiffs that no evidence could be considered in ruling upon the association defendants' motion for judgment of the pleadings because no evidence was submitted explicitly in support of or in opposition to that motion. However, the court concluded that the association defendants were entitled to judgment as a matter of law, because they were "immune from liability under the First Amendment to the United States Constitution for their opposition to plaintiff[s'] project at the city council meeting, and for their activities in circulating local option election petitions." The district court, in agreement with the magistrate judge, found "no evidence that the City's handling of ... Colson's applications for permits and variances, or its other conduct in dealing with Colson's efforts to renovate her building, were discriminatory or racially motivated," and granted the Shaker Heights defendants' motion for summary judgment on plaintiffs' claims under 42 U.S.C. §§ 1982, 1983, 1985(3), and 1986.
 
 
 8
 In appealing all of these rulings by the district court, the plaintiffs make essentially the same arguments here as were made below.
 
 
 9
 We have studied the district court's carefully reasoned 20-page opinion, and we agree with the district court's reasoning and ultimate disposition of each of the plaintiffs' claims. We cannot improve upon the thorough and well written opinion prepared by the Honorable Lesley Brooks Wells of the district court, and any effort to do so would be unwarranted and duplicative.
 
 
 10
 We, therefore, adopt Judge Wells's opinion as our own, and for the reasons stated therein, hold that the district court's judgments must be AFFIRMED. We hold, in addition, that since the plaintiffs' state law claims were not considered on the merits, they are dismissed without prejudice.